ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DONOVAN M. McKENDRICK (CABN 284339)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7164
   FAX: (415) 436-7234
   Donovan.Mckendrick@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR23-288 TLT |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| JEFFERSON JOSHUE SANDRES MARTINEZ, | |
| Defendant | |

     On December 20, 2024, the defendant, Jefferson Sandres Martinez, made an initial appearance after being indicted by a Grand Jury in the above-captioned case; he was arrested on December 19, 2024. The government moved for the defendant's pre-trial detention at his initial appearance.

     On December 23, 2024, the Court held a detention hearing. The defendant was present and represented by Assistant Federal Defender Candis Mitchell. Special Assistant United States Attorney Donovan Miguel McKendrick appeared for the government.

     Upon consideration of the record and the arguments presented at the hearing, the Court finds that the government has met its burden of proving by a preponderance of the evidence that defendant's

continued detention is warranted because no condition or combination of conditions will reasonably mitigate the defendant's risk of flight and assure the defendant's appearance as required. Accordingly, the defendant must be detained pending resolution in this matter. This finding is made without prejudice to the defendant's right to seek review of his detention or to file a motion for reconsideration if circumstances warrant it. The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). The Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime that involves, among other things, a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). When the presumption applies, it imposes a "burden of production" on the defendant to put forward "some

credible evidence" in order to rebut it. *Castaneda*, 2018 WL 888744, at *4. If the defendant offers evidence that overcomes the presumption, "the presumption is not 'erased' but rather it 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g).'" *Id.*

Pursuant to 18 U.S.C. § 3142(i), the Court issues the following findings and orders:

In this case there is a significant risk of non-appearance because the defendant, a young man who only recently entered adulthood, is facing multiple charges associated with the possession, transport and sale of narcotics, and faces the possibility of conviction and removal from the United States.

Mr. Sandres Martinez is nineteen years old. In his interview by Pretrial Services for his Pre-Bail Report, he declined to discuss his citizenship status or disclose when he entered the United States, but the report indicates that he is a Honduran national and his significant other stated that he arrived in the United States in 2017. At that time, Mr. Sandres Martinez would have been about twelve years old. The Pre-Bail Report also indicates that Mr. Sandres Martinez had contact with U.S. Customs and Border Protection 2019, when he would have been about fourteen years old. Mr. Sandres Martinez did not describe any educational history in the United States but stated that he completed third grade in Honduras. His father lives in Honduras and his mother lives in Spain. None of his siblings live in the United States.

Mr. Sandres Martinez's history indicates very limited legitimate ties to the United States, outside a short work history in construction and scaffolding, and a young relationship that has yielded an eleven-month child. Mr. Sandres Martinez has been in a relationship with the child's mother for two or three years depending on whose report is credited. Mr. Sandres Martinez's significant other is twenty-three years old and gainfully employed, and she is willing to serve as a surety. Mr. Sandres Martinez and his significant other have been living together for two years.

Crediting Mr. Sandres Martinez's stated desire to remain with his new family in this district, that consideration weighs in favor of detention pending resolution in this matter. Absconding would enable Mr. Sandres Martinez to avoid conviction and removal and, while maintaining a low profile, he may find a way to remain near his partner and child. Though the defendant may appear for one or two hearings, if found guilty, the defendant will have a greater likelihood to flee, especially as sentencing

approaches. On the other hand, if Mr. Sandres Martinez's ties to his young family are less strong, there is little else tying him to the district in the way of legitimate employment or educational pursuits.

While the defendant's counsel suggested home-confinement with GPS monitoring could be an appropriate condition to mitigate the defendant's risk of flight, this condition can be violated, the GPS monitoring device could be removed, and it does not reasonably assure defendant's appearance under the particular circumstances that he is facing. Accordingly, the Court finds that the government has met its burden of proving by a preponderance of the evidence that Mr. Sandres Martinez's continued detention is warranted because no condition or combination of conditions will reasonably mitigate the defendant's risk of flight and assure his appearance as required. Therefore, the defendant must be detained pending resolution in this matter. This finding is made without prejudice to Mr. Sandres Martinez's right to seek review of his detention or to file a motion for reconsideration if circumstances warrant it. Because the government met its burden of proving detention is necessary due to risk of flight, there is no reason to rule on whether or not the defendant is deemed a danger to the community.

1. The defendant shall be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant shall be afforded reasonable opportunity for private consultation with his defense counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 27, 2024

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge